## VEVE v. THE ESPERANZA CENTRAL SUGAR CO.

Apelación procedente de la Corte de Distrito de Humacao.

No. 175.—Resuelto en diciembre 2, 1907.

ASEGURAMIENTO DE SENTENCIA—RESCISIÓN DE CONTRATO—OBLIGACIÓN DE NO HACER.—La rescisión no es una obligación, sino que, por el contrario, es la anulación ó invalidación de alguna obligación, contrato ó testamento, y en su consecuencia, en una acción de rescisión de contrato no puede solicitarse el aseguramiento de la sentencia, fundado en la regla D de la Sección 2 de la Ley de marzo 1, 1902, pues el objeto de tal acción no es impedir la ejecución de algún acto, ni consiste la reclamación en una obligación de no hacer, sino que va encaminada á la resolución ó invalidación de todas las obligaciones en el contrato estipuladas.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Guzmán Benítez.*

La parte apelada no compareció.

El Juez Asociado Sr. Figueras, emitió la opinión del tribunal.

Esta es una apelación procedente de la Corte de Distrito de Humacao.

Es el caso que Doña Clotilde Veve y Díaz tiene un importante condominio en la hacienda "Concepción," del término municipal de Fajardo, y en 31 de marzo de 1906 celebró por

escritura pública un contrato sobre venta y entrega de frutos con la "The Esperanza Central Sugar Co.," representada por su administrador general Cornelius F. Field.

Ambas partes contratantes estipularon todo lo conveniente al número de cuerdas de cañas que debía sembrar el colono, abonos, clases de cañas, trasportes, peso, grado, precio, etc., etc., según todo consta en la referida escritura de que se ha hecho mérito.

Doña Clotilde Veve y Díaz, en 4 de junio de 1907, presentó demanda ante la Corte de Distrito de Humacao, alegando hechos conducentes á mostrar que la compañía demandada no ha cumplido con las estipulaciones de dicho contrato, y pide que se dicte sentencia declarándolo rescindido y que se la condene á pagar por daños y perjuicios, que relaciona, la cantidad de $44,429.66, fundándose en el artículo 1091 del Código Civil Revisado. Forman parte de esta demanda la escritura citada y otra de 27 de abril de 1906 sobre préstamo con hipoteca, otorgada por dicha señora demandante á favor de la compañía demandada, por la cantidad de $40,000.

La parte demandada no ha sido emplazada.

Hay otra solicitud fechada en 5 de junio de 1907 y jurada el 11, ante la misma Corte presentada, para asegurar la efectividad de la sentencia que en el pleito se dicte, y se alega que por la demanda se reclama una obligación de no hacer, ó sea la rescisión del contrato de 31 de marzo de 1906, y, fundándose en la letra (*d*) de la sección 2ª. de la ley aprobada en primero de marzo de 1902 para asegurar la efectividad de la sentencia, pide.

1. Que se prohiba á la compañía demandada que continúe ejecutando el contrato aludido y que no continúe moliendo ni trate de moler las cañas de la demandante.

2. Embargo contra las maquinarias, establecimientos y ferrocarril de la factoría, hasta cubrir los $44,429.66, que como daños y perjuicios reclama en su demanda.

3. Que todo esto se entienda con el administrador de la compañía, Cornelius F. Field.

4. Que el marshal diligencie la orden de aseguramiento y expida el mandamiento al registrador de la propiedad, para que tenga lugar la anotación preventiva.

Esta solicitud sobre aseguramiento se adicionó con ciertos hechos tendentes á mostrar el incumplimiento de varios extremos por parte de la compañía demandada, ó sea con la protesta de la demandante por incumplimiento del contrato, con el protesto por falta de pago de un Check ascendente á 1,701 pesos 5 centavos, y acompañó los documentos en que se hicieron constar esos hechos.

La Corte de Distrito de Humacao, en su despacho y en 14 de junio de 1907, negó lo solicitado en la petición sobre aseguramiento de sentencia.

Entonces la peticionaria, fundada en la ley aprobada en 8 de marzo de 1905, se opuso á dicha resolución, pidiendo que se reconsiderase, y la corte, en 3 de julio de 1907, sostuvo su negativa, fundándose en que, "siendo la obligación de hacer, no procede invocar lo prescrito en la regla D, del estatuto 370, que se refiere á obligaciones de no hacer."

En julio 10 se estableció el recurso de apelación, y en el alegato escrito que aquí se ha presentado, así como en el informe oral del abogado de la parte apelante, se sostiene que en la demanda se trata de una obligación que consiste en no hacer, y, por tal razón, es procedente cuanto ha pedido como aseguramiento de la sentencia final, y pide la revocación, por tanto, de la sentencia apelada.

Creemos que aquí se han confundidos conceptos que tienen significación y alcances distintos.

Lo que se pide en la demanda es la rescisión de un contrato, pero la rescisión no es una obligación, antes al contrario, la rescisión es la anulación ó invalidación de alguna obligación, contrato ó testamento.

Y si la rescisión no es una obligación, mal puede decirse que lo que se pide en la demanda es una obligación de no hacer, para obtener así el aseguranamiento de la sentencia final que en el pleito se dicte.

Es verdad que á este parte convendría en sus propósitos que el contrato no se continuase cumpliendo por la parte demandada, pero presentada la demanda sobre rescisión del contrato, quizás, que no la aseguramos, pudo encontrarse remedio más adecuado para impedir esos actos de ejecución de lo convenido, hasta tanto que se resolviese definitivamente la cuestión planteada ya ante el tribunal.

Es verdad que entre el texto inglés y el español de la ley para asegurar la efectividad de la sentencia aprobada en primero de marzo de 1902, se notan en algunas secciones diferencias de palabras, pero que no alteran el verdadero sentido de la ley.

De todos modos, resulta que el peticionario, como hemos visto, se funda para pedir el aseguramiento de la sentencia, en la regla D. del Estatuto 370, ó sea sección 2ª de la ley aprobada en primero de marzo de 1902.

Y su solicitud no está comprendida ni en la letra (D), del texto inglés, ni en la letra (D), del texto español, toda vez que ni el objeto de la acción es impedir la ejecución de un acto, ni la obligación reclamada consiste en no hacer, sino que, por el contrario, el objeto de la acción ó de la demanda, no va encaminada á prohibir acto ni gestión alguna al demandado, sino que va encaminada á la rescisión del contrato, ó sea, á la resolución ó invalidación de todas las obligaciones que en él se estipularon.

Es cierto igualmente que en la demanda de rescisión se piden también y se especifican daños y perjuicios, señalando su cuantía, y en cuanto á ellos pudiera ser, que no lo aseguramos ni lo discutimos en este momento, que el caso estuviera comprendido en la letra (H) de la ley antes citada, y que dice así:

"En lo no previsto en las reglas A, B, C, D y G, el tribunal, discrecional y equitativamente, adoptará las medidas procedentes para asegurar la efectividad de la sentencia."

Pero tal como se ha pedido y se ha negado el aseguramiento de la efectividad de la sentencia, no cabe más que confirmar las resoluciones que en 14 de junio y 3 de julio último dictó el juez de la Corte del Distrito de Humacao.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, MacLeary y Wolf.